## In Re MILLER

No. 3076

December 31, 1934.                                        38 P. (2d) 972.

*A. Grant Miller,* pro se.

*Leon Shore,* for State Bar of Nevada.

## OPINION

*Per Curiam:*

This proceeding was instituted to review the findings of fact, conclusions of law, and an order of the board of governors of the state bar of Nevada suspending A. Grant Miller as a member of the state bar of Nevada

and from the practice of law in this state for a period of six months. The complaint or accusation upon which the findings and decision of the board are based are not present in the record, but sufficient appears from the findings to inform the court of the nature of the charge or accusation. The findings of fact and conclusions of law are as follows:

"Findings of Fact. That on or about the 10th day of April, 1915, one John Woods, on behalf of Ada G. Corey, of Washoe County, Nevada, and others, did consult accused, A. Grant Miller, in his professional capacity for the purpose of employing him in the matter of the administration of the estate of Curtis E. Woods, late husband of said Ada G. Corey, and did then and there employ said A. Grant Miller in his professional capacity to handle the administration of said estate, which employment was accepted by said A. Grant Miller; that said A. Grant Miller has refused, failed and neglected to prosecute the administration of said estate to a conclusion, although often requested so to do, and has never proceeded to the closing up of said estate, even after the filing of the complaint herein; that the neglect and failure of said A. Grant Miller to complete the administration of said estate in accordance with his employment, was without any or sufficient cause or excuse."

"Conclusions of Law. That said accused, A. Grant Miller, has, in the administration of the Estate of Curtis E. Woods, been guilty of unprofessional conduct warranting his being disciplined therefor in the manner hereinafter, in the order, set forth."

1, 2. The first question to arise is whether or not the negligence of an attorney of record for an estate or executor or administrator is sufficient to require his disbarment or suspension from the practice of law for any period of time. The law implies a promise on the part of an attorney that he will execute the business intrusted to him with a reasonable degree of care, skill and dispatch, and the attorney is liable for a violation

of his obligation, provided damages result therefrom. 3 Cal. Jurisp. 670; 2 R. C. L. 1012. There is nothing in the record in this case to show that the complainant suffered any actual damages because of the petitioner's neglect to close the estate with reasonable dispatch. We assume that the petitioner, when he accepted the employment, knew of the statute which requires that the act concerning estates of deceased persons shall be liberally construed to the end that justice may be done all parties and a speedy settlement of estates at the least expense secured; and all attorneys for estates or executors or administrators shall be attorneys of record with like powers and responsibilities as attorneys in other actions and proceedings. Undoubtedly the acceptance of the employment as attorney for the estate made it the duty of the petitioner, in his professional management, to effect a speedy settlement of the estate at the least cost or expense. In this case the petitioner's employment was in April, 1915, and he continued as attorney for the estate down to the present time, or for a period of nearly twenty years, without bringing about the settlement of the estate.

3, 4. It is held that mere negligence in the performance of duty is not sufficient to require the disbarment of an attorney. 2 R. C. L. 1095, citing in support of the text In re O'Keefe, 49 Mont. 369, 142 P. 638, L. R. A. 1915A, 514. In that case it was pointed out in the opinion of the court that an attorney who, while acting as attorney for an estate, ignored every statutory provision to protect estates from exploitation, but who showed that, in fact, no one was defrauded, was not guilty of professional misconduct justifying disbarment. The case is authority for the proposition that culpable negligence on the part of an attorney in the performance of his duty in the closing of an estate which did not result in injury to the client was sufficient to justify a censure, wherefore the court in that case ordered that O'Keefe be suspended as a member of the bar and from the practice of law for the period of

thirty days. So in this case, while the negligence charged and found against the petitioner may not of itself have required the disbarment of the petitioner, nevertheless the petitioner's failure throughout all of the years to settle and close the estate was, in the opinion of this court, so culpable as to warrant that the petitioner be disciplined in the manner as ordered by the board of governors. Under the circumstances, we cannot "even by inference" set the seal of our approval upon such haphazard, dilatory, and irresponsible methods in the settlement of an estate as exhibited in this record. It is true that the testimony of the petitioner himself clearly exonerates him from any imputation of sinister motives, unfair dealing, or corruption; but nevertheless his carelessness and neglectfulness for a period of nearly twenty years justifies the court in holding that the petitioner's neglect was not mere negligence of the performance of a duty, but was culpable.

It is therefore ordered that A. Grant Miller be suspended as a member of the state bar of Nevada and from the practice of law in this state for a period of six months.

### ON PETITION FOR REHEARING

February 1, 1935.

*Per Curiam:*

Rehearing denied.